CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

10/23/2019

JULIA C. DUDLEY, CLERK
BY: s/ J. Vasquez

DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## HARRISONBURG DIVISION

PATRICK MULLINS,                      )
d/b/a Mullins Enterprises,            )
d/b/a MyWoodPhoto,                    )
                                      )
          Plaintiff,                  )          Civil Action No. 5:19-cv-00052
                                      )
v.                                    )
                                      )          By: Elizabeth K. Dillon
VISITURE, LLC,                        )               United States District Judge
                                      )
          Defendant.                  )

## MEMORANDUM OPINION AND ORDER

This matter, a breach of contract action, was removed to federal court by defendant

Visiture, LLC.  The plaintiff, Patrick Mullins, moves to remand on the grounds that the notice of

removal was untimely.  For the reasons stated below, the court finds that the removal was

untimely and will remand this matter to state court.

### I.  BACKGROUND

Mullins, a citizen of Virginia, prints and sells personalized images on wood products

through Etsy.com.  Mullins' products are identified under the trade name "MyWoodPhoto."

Visiture is a South Carolina limited liability company that contracted with Mullins to design and

develop an e-commerce platform for his business website.  This action arises out of Visiture's

alleged violation of multiple provisions of the parties' contract.

Mullins filed suit in the Circuit Court for the County of Rockingham on May 24, 2019.

On the same day, counsel for Mullins emailed a copy of the complaint to Brian Cohen, Visiture's

co-founder and Chief Operating Officer.  (Dkt. No. 14-1.)  On May 29, 2019, Visiture's general

counsel in South Carolina acknowledged receipt of the complaint via email.  (*See* Dkt. No. 14-3,

5/29/19 1:05 p.m. email ("Andrew, I am Visiture's General Counsel in Charleston, South Carolina, and I am writing you in an attempt to get this matter resolved amicably without further costs, expenses and additional claims by my client."); 5/29/19 3:19 p.m. email ("Andrew, Thank you for your prompt response. Unfortunately, as you know, my client needs to hire the Virginia attorney to get the lawsuit dismissed and with sufficient time for them to draft the necessary pleadings so my client needs a response rather quickly.").)

Service of the summons and complaint was made on the Secretary of the Commonwealth on May 28, 2019. (Dkt. No. 14-2.) Service papers were forwarded by the Secretary to Visiture via certified mail on June 19, 2019. The papers were sent to the address registered by Visiture with the South Carolina Secretary of State for service of process, with Cohen as the registered agent. According to Visiture's notice of removal, that address was not a current valid mailing address for either Visiture or Cohen, and as a result, neither Visiture nor its registered agent received or signed for the summons and complaint. The Secretary's Certificate of Compliance was filed in state court on June 24, 2019.

Visiture contends that it did not receive notice that service of the summons and complaint had been attempted through the Secretary of the Commonwealth until July 16, 2019. On that date, Mullins emailed to Visiture a copy of Mullins' motion for default judgment filed in state court. Visiture filed its notice of removal two days later on July 18, 2019.

## II.  DISCUSSION

### A.  Timeliness of Removal

Any civil action "brought in a State court of which the district courts have original jurisdiction,[1] may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  The notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after service of the summons upon the defendant . . . ."  28 U.S.C. § 1446(b)(1).  The removal statute is strictly construed, with any doubts resolved against removal.  *See Arnold v. CSX Hotels, Inc.*, 212 F. Supp. 2d 634, 636 (S.D.W. Va. 2002).  The burden of establishing that removal is timely rests with the defendant.  *PurAyr, LLC v. Phocatox Tech., LLC*, 263 F. Supp. 3d 632, 635 (W.D. Va. 2016).  Failure to comply with the thirty-day limit in § 1446(b) is "grounds for immediately remanding a removed case to state court."  *FHC Options v. Sec. Life Ins. Co. of Am.*, 993 F. Supp. 378, 380 (E.D. Va. 1998).

The court's inquiry into timeliness is guided by "well-established principles of law."  *PurAyr*, 263 F. Supp. 3d at 635.  First, because service of process is ordinarily necessary for personal jurisdiction, and defendants are "not obligated to engage in litigation unless notified of the action, and brought under a court's authority, by formal process," formal service under state law is necessary to start the removal clock.  *Id.* at 635–36 (quoting *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 347–48 (1999)).  Second, where a defendant is served through a

---

[1] This action was removed on the basis of diversity jurisdiction.  (*See* Notice of Removal, Dkt. No. 1.)  In response to a show cause order, the notice of removal was amended to allege sufficient facts to establish complete diversity among the parties.  (*See* 7/23/19 Order, Dkt. No. 10.)

statutory agent—as occurred in the instant case—the removal period starts when the defendant actually receives a copy of the complaint.  *Id.* at 636.

Based on these principles, Visiture's window for removing this case to federal court began to run when Visiture had both (1) formal service, bringing Visiture within the court's authority, and (2) actual receipt of the complaint, putting Visiture on notice that the case was removable.  *Id.*  Visiture was formally served through the Secretary of the Commonwealth on May 28, 2019.  Service upon a defendant through the Secretary is "effective on the date when service is made on the Secretary."  Va. Code § 8.01-329(C).  Visiture was therefore "brought within the court's authority as required by *Murphy Brothers* on that date."  *PurAyr*, 263 F. Supp. 3d at 636.  And Visiture had "actual receipt" of the complaint no later than May 29, 2019, when Visiture's counsel acknowledged receipt of the complaint via email.  The notice of removal, filed more than thirty days later on July 18, 2019, was untimely.

Visiture argues that the removal window did not commence until July 16, 2019, when Visiture received notice that service of the summons and complaint had been attempted through the Secretary.  Visiture cites *Elliot v. Am. States Ins. Co.*, 883 F.3d 384 (4th Cir. 2018), which held that "service on a statutory agent is not service on the defendant within the meaning of § 1446(b)."  *Id.* at 394.  The reasoning and holding in *Elliot* is not contrary to the court's analysis and does not support Visiture's position.  In *Elliot*, the action was removed more than thirty days from service on the statutory agent, but *less* than thirty days from when defendant actually received the complaint.  *Id.* at 391.  The removal was therefore timely because, unlike in this case, the removal was filed within thirty days of actual receipt.  *See id.* at 392 (emphasizing that under § 1446(b), defendant must file for removal "within 30 days after the *receipt by the defendant*, through service or otherwise, of a copy of the initial pleading") (emphasis in original).

4

The reasoning in *Elliot* is consistent with the court's analysis in this case: that there must be actual receipt of a copy of the complaint in addition to formal service under state law because "[s]erving a statutory agent does not guarantee that the defendant is provided with actual notice of the complaint or adequate time to decide whether to remove a case." *Id.* at 393. Both conditions are necessary, but not sufficient standing alone, to commence the removal clock. In this case, both conditions occurred more than thirty days before this action was removed.

Finally, Visiture argues that the emailed copy of the complaint in May 2019, unaccompanied by any summons, could not start the removal clock pursuant to *Murphy Brothers*. The holding in *Murphy Brothers* requires that the removing party be "notified of the action, and brought under a court's authority, by formal process," because an individual or entity named as a defendant is otherwise "not obliged to engage in litigation." 526 U.S. at 347. As discussed above, service of formal process on the statutory agent satisfies the holding in *Murphy Brothers*. *See, e.g.*, *PurAyr*, 263 F. Supp. 3d at 636 (finding that "defendants were brought within the court's authority as required by *Murphy Brothers*" when "service papers were delivered to the Secretary of the Commonwealth"). In the normal course of events, actual receipt would seemingly occur when the defendant receives the summons and complaint forwarded from the statutory agent. By all accounts, that did not occur in the instant case. However, when formal process is accomplished by serving a statutory agent, there is no additional requirement that notice be accomplished by formal process, or by receipt of the already-served summons and complaint, as opposed to informal receipt of the complaint. *See Elliot*, 883 F.3d at 392 (stating that it has "recognized a statutory agent exception to the *Murphy* rule and held that when a statutory agent is served, the time to remove the case runs from the defendant's actual receipt of

the complaint"). Visiture's receipt of the complaint via email combined with formal service on the Secretary was sufficient to start the removal clock.

## B. Attorney Fees

Mullins also seeks costs and attorney fees under 28 U.S.C. § 1447(c). The standard for awarding fees turns on the reasonableness of removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.*

Though the court concludes that Visiture's removal was untimely, the court also concludes that Visiture presented an objectively reasonable argument pursuant to *Elliot* and *Murphy Brothers* that its removal was timely. The court therefore declines to award costs and attorney fees.

### III.   CONCLUSION

For the above stated reasons, Visiture's removal was untimely under § 1446(b). Therefore, Mullins' motion to remand to state court (Dkt. No. 13) is GRANTED. The clerk is directed to STRIKE this case from the active docket of the court and to send copies of this order to all counsel of record.

Entered: October 23, 2019.


*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge